

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SHAWN TYLER, | § | No. 08-24-00124-CR |
| Appellant, | § | Appeal from the |
| v. | § | 109th District Court |
| THE STATE OF TEXAS, | § | of Andrews County, Texas |
| Appellee. | § | (TC# 8301) |

## MEMORANDUM OPINION

Appellant, Shawn Tyler, appeals the adjudication of his guilt. Tyler's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Finding no error, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In September 2020, Tyler was the driver in a single-car accident that resulted in the death of one of his passengers. He was charged with manslaughter in an information that alleged that he recklessly cause[d] the death of . . . Crystal Tottress, by failing to maintain a single lane of traffic and control speed of the vehicle he was driving."[1] Tyler ultimately pled guilty and the trial court deferred adjudication and placed him on community supervision for five years.

---

[1] Tyler later waived his right to prosecution by an indictment and consented to prosecution by information. Tex. Code Crim. Proc. Ann. art. 1.141.

1

Less than a year later, the State filed a motion to proceed with adjudication of guilt. It alleged that Tyler committed the following six violations of the terms of community supervision:

1.  Arrested for fraudulent acts in Nevada (cheating while gambling) on July 30, 2023;
2.  Tested positive for marijuana on or about March 14, 2023;
3.  Tested positive for marijuana on or about August 10, 2023;
4.  Left Andrews County without permission in June 2023;
5.  Failed to perform 250 hours of community service; and
6.  Failed to observe curfew.

At the revocation hearing, Tyler pleaded true to the second, third, and sixth allegations (regarding marijuana use and violating curfew). The State put on two witnesses. Corina Whitehead, the director of the community supervision and corrections department, testified that Tyler should have completed 70 hours of community service by that point and had only completed 46. She also said that Tyler went to Lubbock without permission because of an emergency and, although he told her after he came back, he did not report it as soon as possible. Finally, Whitehead said that Tyler self-reported his violations, complied with their order that he take substance abuse classes, and had recently obtained a prescription for marijuana. She believed he would continue to communicate with the department if he were to remain on community supervision.

The State's second witness was Brandon Haase, an enforcement agent with the Nevada Gaming Control Board. Haase testified that he reviewed surveillance video of Tyler playing Blackjack.[2] Haase explained that the video showed Tyler "press" or "cap" his bet while playing Blackjack. He explained that pressing or capping a bet is adding a wager when one is not allowed by the rules of the game. Pressing a bet essentially increases a gambler's odds of winning because the bet is made at a time when the gambler has more information about what cards he or others hold. Haase testified that when he questioned Tyler, Tyler told Haase that he did not understand the rules of Blackjack and did not know that adding to his bet was illegal. But Haase did not believe this excuse

---

[2] Tyler obtained permission to go to Las Vegas, Nevada to attend a wedding.

2

because Tyler "palmed" the chips, indicating an intent to hide them from view. However, Haase also stated that the tape showed other instances where Tyler tried to increase wagers in plain view.

At the conclusion of this phase, the trial court stated that in addition to the three allegations to which Tyler pleaded true, it found allegations one (fraudulent act offense) and four (leaving the county without permission) true by a preponderance of the evidence. It found allegation five (failure to perform community service) not true.

During the punishment phase, the State called Trooper Michael Row to testify about his investigation of the prior manslaughter charges. Row recalled that Tyler admitted that night that he had been at a bar and had two beers and was "sipping off of another mixed drink." However, Tyler's blood alcohol concentration was under .08. Tex. Penal Code Ann. §49.01(2)(B) (defining intoxication as "having an alcohol concentration of 0.08 or more). Tyler told Row that the accident was caused because he swerved when a coyote ran into the road, but Row testified that there was no evidence of evasive maneuvers. Instead, the tire tracks showed no substantial braking and that Tyler gradually veered off the road. The victim who died in the accident was not wearing her seatbelt.

Tyler called three witnesses during the punishment phase: his girlfriend, ex-wife, and son. They testified about Tyler's general character and the hardships they would face if he were incarcerated. Tyler's girlfriend also testified that Tyler no longer drinks and she had not seen him have a drink in the two years she had been dating him. The trial court admitted two letters by a chronically ill neighbor and her sister about the help that Tyler had provided over the years.

At the end of the hearing, the trial court adjudicated Tyler guilty of manslaughter, sentenced him to 20 years' incarceration, and imposed a $10,000 fine.

## II.  FRIVOLOUS APPEAL

Tyler's court-appointed appellate counsel has filed an *Anders* brief. *See Anders*, 386 U.S. at 744; *Gainous*, 436 S.W.2d at 138. In *Anders*, the United States Supreme Court recognized that

counsel, though appointed to represent the appellant on appeal from a criminal conviction, has no duty to pursue a frivolous

matter on appeal. *Anders*, 386 U.S. at 744. Counsel was therefore permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id.*

Counsel in this case has concluded that, after a thorough review of the record, Tyler's appeal is frivolous. His brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 744. In accordance with *Anders's* requirements, counsel has moved to withdraw. Additionally, counsel notified the Court in writing that he delivered a copy of the brief and motion to withdraw to Tyler, and he has advised Tyler of his right to review the record and file a *pro se* brief. *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014) (setting forth duties of counsel).

## III. INDEPENDENT REVIEW

After counsel files a proper *Anders* brief, the court of appeals must conduct its own review of the record to ascertain if there are any arguable grounds for the appeal. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). We have thoroughly reviewed the record and counsel's brief in this case, and we agree with counsel's professional assessment that the appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in counsel's *Anders* brief would add nothing to the jurisprudence of the State.

## IV. FURTHER REVIEW

No substitute counsel will be appointed. Through a retained attorney or by representing himself, Tyler may ask the Court of Criminal Appeals to review his case by filing a petition for

4

discretionary review. The petition must be filed with the clerk of the Court of Criminal Appeals within 30 days after the day this Court's "judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." Tex. R. App. P. 68.2. The petition must also comply with Rule 68.4. *See* Tex. R. App. P. 68.4

## V. MOTION TO WITHDRAW

Finding Tyler's counsel has substantially complied with the requirements of *Anders* and *Kelly*, we grant counsel's motion to withdraw. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–20.

## VI. CONCLUSION

We affirm the trial court's judgment.


MARIA SALAS MENDOZA, Chief Justice

June 19, 2025

Before Salas Mendoza, C.J., Palafox, J., and Rodriguez, C.J. (Ret)
Rodriguez, C.J. (Ret.) (Sitting by Assignment)

(Do Not Publish)